

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00195-CR

_____

ROBERT CHRISTOPHER YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14829

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In 2016, Robert Christopher Young pled guilty to, and was convicted of, family violence assault causing bodily injury, with one prior family violence assault. Pursuant to a plea agreement, Young's eight-year sentence was suspended, and he was placed on community supervision for five years. On October 2, 2017, Young's community supervision was revoked, and he was sentenced to eight years' imprisonment.

Young's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Counsel has filed a brief pursuant to *Anders v. California*, and has provided an evaluation of the record explaining why he believes there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Young, provided him with a copy of the record, and advised Young of his right to review the record and file a pro se response. On January 22, 2018, we granted Young's pro se motion for extension of time to file his brief, extending the time to file it until February 21, 2018. Young has filed neither a pro se response nor a second motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. Yet, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, non-reversible error is found in the trial court's assessment of attorney fees to cover the costs of Young's court-appointed counsel related to the revocation.

The trial court's judgment revoking community supervision ordered Young to pay $350.00 in attorney fees for court-appointed counsel. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record contains a bill of costs with an entry denoted "COURT APPT ATTY FEE" and shows the total amount of $750.00.[1] The record also contains a separate finding from the trial

---

[1] The original judgment that placed Young on community supervision ordered him to pay attorney fees in the amount of $400.00.

court that Young was indigent and did not have the financial resources to pay the fees of his appointed attorney. However, the order to pay attorney fees related to the revocation is still contained in the trial court's judgment and in its bill of costs. Accordingly, we modify the trial court's judgment by deleting the assessment of $350.00 in attorney fees.

We affirm the trial court's judgment, as modified.[2]


Josh R. Morriss. III
Chief Justice

Date Submitted:     March 29, 2018
Date Decided:      April 2, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.